GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* N. SANTINI & CO. ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Intervention in Ownership of Real Property.

MOTION by Defendant-appellees for Dismissal of the Appeal.

No. 1887.—Decided July 24, 1917.

INTERVENTION—APPEAL.—The time for taking an appeal in actions of intervention is ten days and is governed by the Act of 1907 relating to intervention, as amplified in 1908, and not by section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. José Martínez Dávila* and *Fulgencio Piñero* for the appellant.

*Mr. Rafael Arce* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this action of intervention in ownership of personal property the attorney for appellees N. Santini & Company filed a motion for dismissal of the appeal taken by the plaintiff from the final judgment on the ground that as the said judgment was rendered and notice thereof given to the plaintiff on March 2, 1917, he did not take his appeal until the twenty-eighth of the same month and year, or after the expiration of the ten days prescribed by section 19 of the Act of March 14, 1907, to provide for the trial of the right to personal property and for other purposes. These facts are established by certificates of the secretary of the lower court.

The Act of March 14, 1907, cited by the mover, regulates the procedure in actions of intervention in ownership of personal property, which was made applicable to actions of intervention in ownership of real property by the Act of March 12, 1908, and section 19 of the former act provided that an "Appeal may be taken from all judgments rendered in cases of claims brought by a third party, within ten days and in the manner provided in the Code of Civil Procedure, for all appeals."

According to this provision, the time for taking appeals from judgments in actions of intervention is limited to ten days, and the Code of Civil Procedure is applicable in those actions only as regards the manner in which the appeal shall be taken; that is, by filing with the secretary of the court in which the judgment was rendered a notice of appeal from the same and serving a similar notice on the adverse party or his attorney (sec. 296, Code Civ. Proc.), and also as to subsequent procedure.

The time for appealing from judgments in cases of intervention is fixed by the said act and not by section 295 of the Code of Civil Procedure of 1904, as amended in 1908 and by Act No. 70 of 1911 as to appeals referred to in the said section.

As the appeal in this case was taken after the expiration of the legal period of ten days it should be

*Dismissed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.